NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3266
_____

UNITED STATES OF AMERICA

v.

LORENZO LIBURD,

Appellant
_____

On Appeal from the District Court
of the United States Virgin Islands
District Court  No. 3-08-cr-00057-001
District Judge: The Honorable Curtis V. Gómez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*

(Filed: December 29, 2010)

_____

OPINION
_____

SMITH, *Circuit Judge.*

   In *United States v. Liburd*, 607 F.3d 339 (3d Cir. 2010), we concluded that

Lorenzo Liburd's "trial was marred by prosecutorial misconduct which denied him

due process of law." *Id.* at 340. As a result, we vacated Liburd's convictions for possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841 and attempted importation of cocaine in violation of 21 U.S.C. § 952(a). In addition, we remanded the matter for further proceedings.

On remand, Liburd moved to dismiss the indictment on the basis that retrial would violate his Fifth Amendment right not to be subjected to double jeopardy. The District Court of the Virgin Islands denied the motion. Thereafter, Liburd entered a conditional plea, preserving his right to appeal the issue whether his retrial violated the Double Jeopardy Clause. This timely appeal followed.[1]

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Revised Organic Act of 1954 extends this right to the people of the Virgin Islands. 48 U.S.C. § 1561. In *United States v. Curtis*, 683 F.2d 769 (3d Cir. 1982), we concluded that prosecutorial misconduct prejudicial to a defendant does not preclude retrial unless the defendant shows that the prosecutor intended to provoke a mistrial. *Id.* at 776. *Curtis* identified three

---

[1] The District Court exercised jurisdiction under 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. *Abney v. United States*, 431 U.S. 651 (1977). Our review of a district court's denial of a defendant's double jeopardy challenge is plenary. *United States v. Rigas*, 605 F.3d 194, 204 (3d Cir. 2010) (en banc). Because a defendant's double jeopardy challenge based on prosecutorial misconduct requires a district court to make certain factual findings, we review those findings for clear error. *United States v. Curtis*, 683 F.2d 769, 776 (3d Cir. 1982).

factors to consider in deciding whether a defendant has met his burden of showing that the prosecutor had the intent to provoke a mistrial: (1) whether the "record indicates that the prosecutor believed that the jury was about to acquit" the defendant; (2) whether the government "stood to gain from a mistrial"; and (3) whether the prosecutor proffered some justification for his misconduct. *Id.* at 777. Following *Curtis*, we have "consistently emphasized that application of the double jeopardy bar is dependent on a showing of the prosecutor's subjective intent to cause a mistrial in order to retry the case." *United States v. Williams*, 472 F.3d 81, 85-86 (3d Cir. 2007).

Here, the District Court presided over the first trial. Judge Gómez was fully aware of the prosecutor's missteps during both the government's opening statement and the direct examination of Officer Grouby. After reciting the factual history of the case, he applied the analysis set forth in *Curtis* and concluded that the prosecutor did not intend to goad the defendant into moving for a mistrial. Liburd contends that the District Court erred because it did not take account of all of the circumstances in the case.

We find no error, clear or otherwise, in the District Court's thorough analysis and its determination that the prosecutor's misconduct was not "aimed at provoking a mistrial." Liburd has not directed us to any evidence which would support a finding that the government believed an acquittal was likely. As we

noted in Liburd's first appeal, "there was ample evidence that Liburd possessed bricks of cocaine when he passed through the TSA checkpoint, and that those bricks were not . . . slipped into his bag in the waiting area." 607 F.3d at 344. Nor is there any evidence that the government stood to benefit from a retrial. As Judge Gómez noted, the government proffered an explanation for its conduct. Although Judge Gómez did not find the prosecutor's explanation persuasive, he concluded that the explanation was at least plausible. Because the prosecutor claimed that he learned of Liburd's inculpatory statement on the eve of trial, we agree that the prosecutor's explanation was plausible. Furthermore, the District Judge's finding that the prosecutor did not intend to provoke defendant into a mistrial is supported by the hesitancy of defense counsel to seek a mistrial. *See Curtis*, 683 F.2d at 777 (noting that trial court's finding that prosecutor had the subjective intent to provoke a mistrial was in tension with the fact that neither defense counsel nor the court "recognized immediately the need for a mistrial"). Instead, defense counsel referred to Liburd's statement during cross examination of Officer Grouby in an attempt to undermine the accuracy of Officer's Grouby's written statement. Defense counsel did not request a mistrial until the second day of trial.

In sum, we will not disturb the District Court's finding that the prosecutor did not intend to cause a mistrial. For that reason, we will affirm the District Court's order denying Liburd's motion to dismiss on double jeopardy grounds.

4